UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

Case Title: Foxworth Galbraith Lumber Co., Inc. v. Aaron Manelos

Case Number: 04-01230

## Document Information

Description: Order Granting [10-1] Motion To Dismiss Adversary Proceeding by Aaron Manelos .

Received on: 2006-01-17 14:53:44.000

Date Filed: 2006-01-17 00:00:00.000

Date Entered On Docket: 2006-01-17 00:00:00.000

## Filer Information

Submitted By: Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: AARON MANELOS, a/k/a,d/b/a                    No. 7-04-15994 ML
M-Construction Creative Concepts,

   Debtor.
_____

FOXWORTH GAILBRAITH LUMBER CO., INC.,

   Plaintiff,

v.                                                   Adversary No. 04-1230 M

AARON MANELOS,

   Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before the Court on the Motion to Dismiss filed by Defendant, Aaron Manelos aka/dba M Construction Creative Concepts ("Defendant"), by and through his attorney of record, R. "Trey" Arvizu, III. Also before the Court is the Plaintiff's Motion for Summary Judgment. Plaintiff Foxworth Gailbraith Lumber Co., Inc. filed a memorandum in support of its Motion for Summary Judgment and a Response to Motion to Dismiss. The Court heard oral argument on the Plaintiff's Motion for Summary Judgment and the Defendant's Motion to Dismiss and took the matters under advisement.

The Complaint objects to the discharge of a particular debt owed to Plaintiff arising from an open account for the purchase of materials used by Defendant in connection with certain residential construction projects in Silver City, New Mexico. Plaintiff asserts that the debt at issue is non-dischargeable under 11 U.S.C. § 523(a)(4) based on fraud or defalcation while acting in a fiduciary

capacity. Defendant asserts that pursuant to *Allen v. Romero (In re Romero),* 535 F.2d 618 (10th Cir. 1976) the contractor licensing statute, which the Tenth Circuit held imposes a technical trust and creates a consequent fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4), runs to the benefit of the owner of the property, not the subcontractors or suppliers to the contractor, such that *Allen v. Romero* is inapplicable and there is no fiduciary duty running from Defendant to Plaintiff that would support a claim for non-dischargeability under 11 U.S.C. § 523(a)(4). Plaintiff asserts that N.M.S.A. 1978 § 48-2A-11B (Repl. Pamp. 1995) of the New Mexico Stop Notice Act, N.M.S.A. § 1978 § 48-2A-1 through § 48-2A-12 (Repl. Pamp. 1995), which imposes criminal liability on contractors who accept payment for a construction project and knowingly and intentionally apply the proceeds to a use other than paying the suppliers or subcontractors to whom the contractor is indebted, creates a technical trust within the meaning of 11 U.S.C. § 523(a)(4). Upon review of the pleadings and the motions, and after consideration of the statutes at issue and the relevant case law, the Court finds that the fiduciary duty imposed by the statute considered in *Allen v. Romero* does not run to the benefit of subcontractors or suppliers and that N.M.S.A. 1978 § 48-2A-11B (Repl. Pamp. 1995) of the New Mexico Stop Notice Act does not constitute a technical trust imposed by law within the meaning of 11 U.S.C. § 523(a)(4). Consequently, the Court will grant the Defendant's Motion to Dismiss.[1]

Motions to dismiss for failure to state a claim upon which relief can be granted are governed by

---

[1] Defendant's Motion to Dismiss only raises the argument that the fiduciary duty imposed by the statute at issue in *Allen v. Romero* is inapplicable to subcontractors and suppliers and does not address Plaintiff's argument that the Stop Notice Act imposes a fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4). Because the Court finds as a matter of law that the Stop Notice does not impose a technical trust within the meaning of 11 U.S.C. § 523(a)(4), dismissal of the adversary proceeding is nevertheless appropriate.

2

Rule 12(b)(6), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7012, Fed.R.Bankr.P. In considering a motion to dismiss, the Court must accept all well-pleaded facts of the Complaint as if they were true, and construe such facts in the light most favorable to the Plaintiff. *In re Sheffield Steel Corp.,* 320 B.R. 405, 411 (Bankr.N.D.Okla.. 2004) (citing *Ballen v. Prudential Bache Securities, Inc.,* 23 F.3d 335, 336 (10th Cir. 1994)). Dismissal for failure to state a claim is appropriate only when the movant has demonstrated that the Plaintiff can prove no set of facts that would entitle him to recovery. *See In re American Freight System, Inc.,* 179 B.R. 952, 956 (Bankr.D.Kan. 1995) (citing *Conley v. Gibson,* 355 U.S. 41, 45-56, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957) (remaining citations omitted)). The function of a motion to dismiss for failure to state a claim upon which relief can be granted is to test the law of the claim, not the facts which support it. *In re Bunker Exploration Co.,* 42 B.R. 297, 299 (Bankr.W.D.Okla. 1984) (citation omitted). The Court will consider the Motion to Dismiss in light of these standards.

The Complaint includes the following allegations:

1. Defendant was a general contractor on at least 4 residential construction projects in the Silver City, New Mexico area ("Projects").

2. Defendant entered into an open account arrangement with Plaintiff.

3. Defendant purchased materials for the Projects from Defendant on the open account.

4. Property owners who hired Defendant to construct the Projects paid him funds that were to be used to pay Plaintiff for supplies Defendant purchased from Plaintiff for use on the Projects.

3

5. Defendant failed and refused to pay Plaintiff the monies he received from the property owners for that purpose.

6. Defendant's actions violated N.M.S.A. 1978 § 60-13-23(F) and constituted a criminal act in violation of N.M.S.A. 1978 § 48-2A-11B.

7. Defendant held the funds he received from the property owners in a fiduciary capacity, and by failing or refusing to pay Plaintiff the funds he received from the property owners for that purpose, he committed a fraud or defalcation in the course of his fiduciary relationship with Plaintiff rendering the debt to Plaintiff non-dischargeable under 11 U.S.C. § 523(a)(4).

Accepting these allegations as true, dismissal is appropriate only if Defendant, as a matter of law, was not acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).[2] Whether there is a fiduciary relationship between Defendant and Plaintiff is a threshold issue to the determination of dischargeability under 11 U.S.C. § 523(a)(4). *Antlers Roof-Truss & Builders Supply v. Storie (In re Storie),* 216 B.R. 283, 286 (10th Cir. BAP 1997); *In re Neal,* 324 B.R. 365, 370 (Bankr.W.D.Okla. 2005) (citation omitted). The fiduciary duty contemplated by 11 U.S.C. § 523(a)(4) is very narrow. *See Holaday v. Seay (In re Seay),* 215 B.R. 780, 786 (10th Cir. BAP 1997) (noting that the Tenth Circuit in *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367 (10th Cir. 1995) interpreted the phrase "fiduciary capacity" narrowly.); *In re Neal,* 324 B.R. 365, 370

---

[2]Although the Complaint contains an allegation that Defendant "committed the fraud or defalcation in the course of his fiduciary relationship", the Complaint contains no specific allegations of fraud. Because fiduciary capacity is a threshold question under 11 U.S.C. § 523(a)(4), it is immaterial to the disposition of the Motion to Dismiss whether Plaintiff sufficiently alleged that Defendant acted fraudulently.

4

(Bankr.W.D.Okla. 2005) ("The Tenth Circuit has taken a very narrow view of the concept of fiduciary duty under this section."). Whether a fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4) exists is a question of federal law, but state law is relevant to the determination of whether a trust relationship exists. *Storie,* 216 B.R. at 370; *Young,* 91 F.3d at 1371. Fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4) is present only when there is an express or technical trust. *See Allen v. Romero,* 535 F.2d at 621 ("[T]he exception under § 17(a)(4) [the predecessor under the former Bankruptcy Act to § 523(a)(4)] applies only to technical trusts and not those which the law implies from a contract.") (citation omitted). "Trusts imposed by state statutes are technical trusts, which may lead to the existence of a fiduciary relationship." *Neal,* 324 B.R. at 370. *See also, In re Woods,* 284 B.R. 282, 288 (D.Colo. 2001) (noting that "[a] technical trust may arise as a result of defined obligations imposed upon the debtor by state or federal statute.") (citing *Allen v. Romero,* 535 F.2d at 622). However, "[n]either a general fiduciary duty of confidence, trust, loyalty, and good faith, nor an inequality between the parties' knowledge or bargaining power, is sufficient to establish a fiduciary relationship for purposes of dischargeability." *Young*, 91 F.3d at 1372 (citations omitted).

In *Allen v. Romero,* the Tenth Circuit examined the New Mexico statute governing licensed contractors, and found that the New Mexico statute "clearly imposes a fiduciary duty upon contractors who have been advanced money pursuant to construction contracts." 535 F.2d at 621. The Tenth Circuit reached this result by concluding that the fiduciary duty was imposed by law, since the obligation not to divert funds was imposed by statute. *Id.* at 622. Thus the New Mexico statute constituted a technical trust that imposed a fiduciary duty upon the debtor-contractor within the meaning of § 17(a)(4) of the Bankruptcy Act. The creditor/plaintiff in *Allen v. Romero* was the owner of the

5

project, not the subcontractor or supplier to the debtor/contractor. The duty imposed by the relevant New Mexico statute, N.M.S.A. 1978 § 60-13-23(F), as analyzed in *Allen v. Romero,* ran from the contractor to the property owner.

As pointed out by Plaintiff, because the parties in *Allen v. Romero* consisted of the property owner and the debtor/contractor, the Tenth Circuit was not presented with the instant question of whether the fiduciary duty imposed by N.M.S.A. 1978 § 60-13-23(F) also runs to subcontractors and suppliers. However, this Court has previously held that the fiduciary duty imposed upon the contractor under N.M.S.A. 1978 § 60-13-23(F) does not run from the contractor to subcontractors and suppliers. *See In re Salvador Guzman and Patricia Guzman, d/b/a Chava Trucking Company, No. 7-02-10188 MA; Anthony Tafoya and B & C Trucking v. Salvador Guzman and Patricia Guzman, d/b/a Chava Trucking Company, Adversary No. 02-1062 M* - Memorandum Opinion, entered July 9, 2004 (Docket #60) (declining to extend *Allen v. Romero* to hold that the fiduciary duty owed by the debtor/contractor extends to subcontractors as well as owners). Given the Tenth Circuit's narrow view of fiduciary duty under 11 U.S.C. § 523(a)(4), and the fact that despite the Tenth Circuit's analysis in *Allen v. Romero,* the New Mexico statute does not contain express trust language[3], the Court remains unpersuaded that N.M.S.A. 1978 § 60-13-23(F) should be construed to

---

[3]An express trust includes specific language providing that one party is charged with holding a specific property as trustee for another party. *Tway v. Tway (In re Tway)*, 161 B.R. 274, 279 (Bankr.W.D.Okla. 1993). The New Mexico statute analyzed in *Allen v. Romero* provides that a contractor's license could be revoked or suspended on the following grounds:

> G. diversion of funds or property received for prosecution or completion of a specific contract, or for a specified purpose in the prosecution or completion of any contract, obligation or purpose.*

6

constitute a technical trust imposed by statute upon contractors to create a fiduciary duty owed by the contractor to subcontractors and suppliers that would fall within the meaning of 11 U.S.C. § 523(a)(4). *But see In re Walker,* 32 B.R. 598, 603-604 (D.Colo. 2005) (reversing bankruptcy court's determination that similar Colorado statute which created a technical trust and consequent fiduciary duty on the part of contractors in favor of subcontractors did not extend to owners).

Plaintiff next asserts that another New Mexico statute, N.M.S.A. 1978 § 48-2A-11 of the Stop Notice Act, imposes a fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4). Plaintiff argues that the New Mexico Stop Notice Act is part of an overall statutory scheme concerning construction contractors whereby N.M.S.A. 1978 § 48-2A -11 should be construed to impose a fiduciary duty on contractors in favor of suppliers and subcontractors. Because under N.M.S.A. 1978

---

N.M.S.A. 1953 § 67-35-26(G) (1967).

*Since *Allen v. Romero* was decided, the language of the statute has been modified slightly to change the word "diversion" to "conversion" and to add "as determined by a court of competent jurisdiction" to the end of the section. N.M.S.A. 1978 § 60-13-23(F) (Repl. Pamp. 2004).

The language of New Mexico statute, N.M.S.A. 1978 § 60-13-23(F) (Repl.Pamp. 2004) appears to identify specific property, but does not include express language stating that a party shall hold funds as trustee for another party. *Cf. Carey Lumber Co. v. Bell,* 615 F.2d 370, 373 (5th Cir. 1980) (per curiam) (Oklahoma Lien Trust Statute, 42 O.S. §§ 152, 153 (1971), providing that "The monies received . . . shall upon receipt by the mortgagor be *held as trust funds* for the payment of all valid lienable claims . . .") (emphasis added); *In Woodworking Enterprises, Inc. v. Baird (In re Baird)*, 114 B.R. 198, 202 n.3 (9th Cir. BAP 1990) (Arizona statute, A.R.S. 33-1005, provided that "Monies paid . . . to a contractor . . . shall be deemed for all purposes to be *paid in trust and shall be held by the contractor for the benefit of the person* or persons furnishing such labor . . .") (emphasis added); *In re Walker,* 325 B.R. 598, 600 (D.Colo. 2005) (Colorado Mechanics' Lien Trust Fund Statute, C.R.S. § 38-22-127, providing that "[a]ll funds disbursed to any contractor . . . . shall be *held in trust for the payment of the subcontractors . . .*") (emphasis added). Nevertheless, N.M.S.A. 1978 § 60-13-23(F) (Repl. Pamp. 2004) constitutes a technical trust imposed by law within the meaning of 11 U.S.C. § 523(a)(4). *Allen v. Romero,* 535 F.3d at 622.

7

§ 48-2A-11(A), an owner is discharged from his or her obligations to subcontractors or suppliers once the owner has paid the contractor in full prior to the filing of any mechanics' or materialmens' liens and the agency relationship between the contractor and the owner is terminated, Plaintiff reasons that thereafter, under N.M.S.A. 1978 § 48-2A-11(B), the contractor holds the funds he has received from the owner in trust for the subcontractors and suppliers. Upon close review of the language of the N.M.S.A. 1978 § 48-2A-11 (Repl. Pamp. 1995) in light of the Tenth Circuit standards for finding a fiduciary duty within the meaning of 11 U.S.C. § 523(a)(4), the Court finds as a matter of law that the statute does not constitute a technical trust that imposes a fiduciary duty for purposes of non-dischargeability under 11 U.S.C. § 523(a)(4).

The sections of the New Mexico Stop Notice Act upon which Plaintiff relies to create a technical trust within the meaning of 11 U.S.C. § 523(a)(4) provide as follows:

> A. Payment by the owner or his successor in interest to any person entitled to payment of all and any amounts due and owing for any labor or materials furnished or other actions the performance of which could give rise to a lien pursuant to Section 48-2-2 NMSA 1978 to be performed on a residential site shall discharge all such liens unless prior to such payment any person who is entitled to such lien has filed for record his lien pursuant to Section 48-2-6 NMSA 1978.
>
> B. Any contractor or subcontractor justly indebted to a supplier of material or labor who accepts payment for construction described in Subsection A of this section and knowingly and intentionally applies the proceeds to a use other than paying those persons with whom he contracted is guilty of a fourth degree felony and shall be sentenced pursuant to the provisions of Section 31-18-14 NMSA 1978.
>
> N.M.S.A. 1978 § 42-2A-11 (Repl. Pamp. 1995).

"For a state statute to create an express or technical trust for nondischargeability purposes, the statute must define the trust res, establish trustee duties, and impose the trust prior to any wrongdoing creating the obligation." *Tway,* 161 B.R. at 279 (citations omitted). This statute is similar to the New Mexico

8

statute at issue in *Allen v. Romero* in that it appears to identify a trust *res* and imposes a duty on the contractor to pay his or her suppliers from proceeds received from the owner for that purpose; however, this provision of the Stop Notice Act is different in a critical respect that is fatal to a determination that the statute constitutes a technical trust within the meaning of 11 U.S.C. § 523(a)(4). In order for a state statute to give rise to a fiduciary duty for non-dischargeability purposes, the statute must "impose a trust prior to and without reference to the wrong which created the debt." *In re Baird,* 114 B.R. at 202 (citing *In re Weedman,* 65 B.R. 288, 291 (Bankr.W.D.Ky. 1986)).   Here, N.M.S.A. 1978 § 48-2A-11(B) (Repl. Pamp. 1995) imposes criminal liability on contractors who accept payment for a construction project and knowingly and intentionally apply the proceeds to a use other than paying the suppliers or subcontractors to whom the contractor is indebted.  Thus the statute clearly references the wrong which gives rise to the debt.  Any trust imposed by N.M.S.A. § 48-2A-11(B) (Rep.Pamp. 1995) arises as a result of the wrongdoing, and, therefore, constitutes a trust *ex maleficio* which does not fall within the application of 11 U.S.C. § 523(a)(4).  *See Tway,* 161 B.R. at 279 and 281 ("the term fiduciary capacity . . .  does not extend to trusts *ex maleficio* or those that may be imposed because of the very act of wrongdoing out of which the contested debt arose.") (citations omitted).

     Based on the foregoing, the Court concludes that Plaintiff's cause of action fails as a matter of law.   No fiduciary duty exists between Plaintiff and Defendant within the meaning of 11 U.S.C. § 523(a)(4).

9

WHEREFORE, IT IS HEREBY ORDERED, that the Motion to Dismiss is GRANTED. This adversary proceeding is dismissed.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

David McNeill, Jr.  
Attorney for Plaintiff  
PO Box 2699  
Las Cruces, NM 88004  

R. "Trey" Arvizu III  
Attorney for Defendant  
PO Box 1479  
Las Cruces, NM 88004  

_____
Patti G. Hennessy  
Law Clerk  
(505) 348-2545